**Liberty Mut. Ins. Co. v Young**

2024 NY Slip Op 31631(U)

May 8, 2024

Supreme Court, New York County

Docket Number: Index No. 655630/2018

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. DEBRA A. JAMES                    PART   59

*Justice*

--------------------------------------------------------------------------------X

LIBERTY MUTUAL INSURANCE COMPANY, and LM
GENERAL INSURANCE COMPANY,

Plaintiff,

- v -

SELIMA YOUNG, BROOKHAVEN MEMORIAL HOSPITAL
MEDICAL CENTER, INC., CLEAR WATER
PSYCHOLOGICAL SERVICES P.C., ECLIPSE MEDICAL
IMAGING P.C., ENGLEWOOD ORTHOPEDICS GROUP,
EMPIRE MEDICAL SERVICES P.C., FRIENDLY
ACUPUNCTURE P.C., HET MEDICAL SERVICES, P.C.,
JFL MEDICAL CARE P.C., LEOMAX SUPPLIES INC.,
LONGEVITY MEDICAL SUPPLY, INC., MOHAMED ATTYA,
NEW YORK WELLNESS PT, P.C., RADIANT
HEALTHCARE CHIROPRACTIC DIAGNOSTIC, PC,
SATURN MOON ACUPUNCTURE, P.C., and UNITED
MEDICAL SERVICES OF LONG ISLAND, PC,

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655630/2018 |
| MOTION DATE | 11/03/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 49, 50, 51, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for                                          RENEWAL                                          .

<u>ORDER</u>

Upon the foregoing documents and upon further deliberation following the exemplary oral argument on the papers submitted of both counsel, and herein rescission of the verbal ruling made on the record, which the court stated it would reduce into writing as the appealable paper, and hereby rules otherwise, it is

ORDERED that the motion of defendants for leave to renew the summary judgment motion of plaintiffs and the order dated November 3, 2022 (NYSCEF Doc No 052) is denied.

**655630/2018   LIBERTY MUTUAL INSURANCE vs. YOUNG, SELIMA**
**Motion No.  003**

**Page 1 of 4**

1 of 4

<u>DECISION</u>

In this declaratory judgment action, plaintiffs seek a declaration that certain medical provider assignees are not entitled to payment of claims related to their treatment of defendant Selima Young, the injured party assignor (injured party/insured).

Plaintiffs previously moved for summary declaratory judgment in their favor (Motion Sequence No 002), which by Decision + Order dated November 3, 2022 (prior order), this court granted. (NYSCEF Doc. No. 052).

In such prior order, the court found that on her application for automobile insurance, defendant injured party/insured misrepresented her residence as Tennessee, when she actually resided in Brooklyn, New York, as she testified at the Examination Under Oath. In their affidavit in support, the underwriter stated, in pertinent part:

> "Based on [the Tennessee] address, the premium from the last endorsement on the policy in 2018 was $1,325.00.
>
> * * *
>
> Upon discovery of Selima Young's correct address in Brooklyn, New York, the policy was re-rated and the premium increased to $6,431.00."

Defendants now move for renewal of this court's prior order, relying upon the opinion in <u>Liberty Mut. Ins. Co. v Valera</u>, 208 AD3d 1104 (1st Dept 2022), which decision was issued by the

**655630/2018  LIBERTY MUTUAL INSURANCE vs. YOUNG, SELIMA**
**Motion No. 003**

**Page 2 of 4**

[* 2]

INDEX NO. 655630/2018

RECEIVED NYSCEF: 05/08/2024

Appellate Division, First Department on September 27, 2022, after the papers on the prior motion before this court were fully submitted. In Valera, the intermediate appellate court stated, in pertinent:

> "The insurers submitted undisputed evidence that the claimant misrepresented her address based on her testimony at the Examination Under Oath (EUO). However the insurers failed to establish, as a matter of law, that the alleged misrepresentation as to the correct address was a material misrepresentation. The affidavit of the insurers' underwriter was conclusory and not supported by relevant documentary evidence such as underwriting manuals, rules, or bulletins."

So too here, plaintiffs did not attach any underwriting manuals, rules, or bulletins to establish prima facie the materiality of the misrepresentation.

However, plaintiffs argue that the motion of defendants to renew is untimely, having been filed more than thirty days after entry of the final judgment, i.e., within the time to appeal such judgment. The E-File docket shows that proof of service of such order with notice of entry was filed on November 4, 2022 (NYSCEF Doc No 48). Defendants, therefore, had until December 5, 2022 to file their motion for renewal, but did not file such motion until almost a year later on November 3, 2023. This court does not agree with defendants that the prior order did not constitute a final judgment, given the word "ADJUDGED" in its decretal paragraph, and that there were no further causes of action to be adjudicated. On

655630/2018   LIBERTY MUTUAL INSURANCE vs. YOUNG, SELIMA                Page 3 of 4
Motion No.  003

3 of 4

[* 3]

that basis, the court must deny defendants' motion to renew, as untimely. See Wilmington Trust National Association as Trustee to Citibank, N.A. v Fife, 212 AD3d 550 (1st Dept 2023). Defendants proffer no circumstances set forth in CPLR 5015 that justify their delay. See Opalinski v City of New York, 205 AD3d 917, 919 (2d Dept 2022).

20240508163259DJAMES159DBC50D6844D16B359BAC130D6018C

| 5/8/2024 | | | | |
|----------|--|--|--|--|
| **DATE** | | | **DEBRA A. JAMES, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**655630/2018   LIBERTY MUTUAL INSURANCE vs. YOUNG, SELIMA**
**Motion No.  003**

Page 4 of 4

4 of 4